# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOHAMMED MUTHANA and SALEH MUTHANA,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01333-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED**<br><br>(Doc. 12)<br><br>**OBJECTIONS DUE: 14 DAYS** |

On January 24, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for default judgment against Defendant Mohammed Muthana, pursuant to Fed. R. Civ. P. 55(b). (Doc. 12). No opposition to the motion has been filed. (*See* Docket.)

After having reviewed the papers and supporting material, the matter was deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the Court vacated the hearing set for February 23, 2022. (Doc. 16.) For the reasons set forth below, the undersigned recommends that the motion for default judgment be denied without prejudice.[1]

---

[1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

## I. BACKGROUND[2]

On September 2, 2021, Plaintiff filed a complaint against Defendants Mohammed Muthana and Saleh Muthana (collectively, "Defendants") pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; the California Unruh Act (the "Unruh Act"), California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. 1 (the "Complaint").) The Complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief. *Id.* Plaintiff alleges that Defendants own, operate, and/or lease the property that is the subject of this suit, Levi's Tobacco & More (the "Property"), located at 241 7th St, Modesto, CA 95354. (Doc. 1, ¶¶ 1, 7.) Plaintiff further alleges that he requires the use of a wheelchair or prosthetic for mobility (Doc. 1, ¶ 8), and the Property presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property (Doc. 1, ¶ 10).

According to the proofs of service filed by Plaintiff, Defendant Mohammed Muthana ("Mohammed") was served with copies of the summons and complaint by substitute service on September 24, 2021, when the documents were left with "Abraham Doe (refused last name)," a co-occupant at 1930 River Tree Ln, Modesto, CA 95351, and subsequently mailed to the same address. (Doc. 4 at 2.) A declaration from Plaintiff's counsel Tanya E. Moore indicates that Ms. Moore conducted a public records search using the Lexis Advance database and determined that Mohammed resided at that address. (Doc. 12-2, ¶ 15.) Substitute service was made after unsuccessful attempts to personally serve Mohammed on September 21, and 22, 2021. (Doc. 4 at 3.)

Defendant Saleh Muthana ("Saleh") was served with copies of the summons and complaint by substitute service on September 23, 2021, when the documents were left with "Tony Doe (refused last name), Apparently in Charge," at 241 S 7th St, Modesto, CA 95354, and subsequently mailed to the same address. (Doc. 5 at 2.) Substitute service was made after unsuccessful attempts to

---

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the Complaint.

2

personally serve Saleh on September 21, and 22, 2021. (Doc. 5 at 3.)

Neither of Defendants responded to the Complaint. (*See* Docket.) Plaintiff requested the Clerk of Court to enter default against Defendants on November 5, 2021, which was entered that same day. (Docs. 8, 9.) On January 24, 2022, Plaintiff filed a motion for default judgment against Mohammed, which is currently pending before Court. (Doc. 12.)

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C–11–3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). Additionally, the Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." JUDGE WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 6:11 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).

## III. DISCUSSION

It is important to note at the outset that Plaintiff has moved for entry of default judgment only against Mohammed—one of two defendants named in this action. Plaintiff has not moved for

3

default judgment against Saleh, nor has Plaintiff dismissed that defendant from this action. In this regard, Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants).

Although the Court has discretion under Rule 54 depending on the circumstances before it, the Supreme Court long ago warned that "absurdity might follow" in instances involving motions for default judgment s where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Ninth Circuit has characterized the rule announced in *Frow* as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*).

Plaintiff has alleged violations of the Unruh Act and the ADA by Defendants. (Doc. 1.) "California district courts have repeatedly held that where there are multiple defendants in an Unruh action, the defendants are jointly and severally liable for penalties." *Johnson v. Siu Keung Chan*, No. 2:17–CV–00138–KJM–AC, 2020 WL 5036456, at *2 (E.D. Cal. Aug. 26, 2020), *report and recommendation adopted*, No. 2:17–CV–0138 KJM AC, 2020 WL 6342960 (E.D. Cal. Oct. 29, 2020) (citing *Love v. Kim*, No. ED CV 18-1338 FMO (PLAx), 2019 WL 8167926, at *1 (C.D. Cal. Oct. 18, 2019) ("courts generally award only a single $4,000 statutory damage penalty where multiple defendants who own or operate a business are held liable for an ADA violation"); *Johnson v. Express Auto Clinic, Inc.*, No. 18-cv-00464-KAW, 2019 WL 2996431, *8 (N.D. Cal. 2019) (entering judgment of "$4,000 in statutory damages" in case where multiple defendants operated a non-compliant gas station); *Johnson v. Ramirez Ltd. P'ship*, No. 2:15–cv–02304 JAM AC, 2019 WL 2315290, *8 (E.D. Cal. 2019) ("award[ing] a total of $4,000 in statutory damages, as authorized by the Unruh Civil Rights Act, Cal. Civ. Code § 52(a), jointly and severally against the defendants"

4

where defendants owned non-compliant cafe); *Hopson v. Singh*, No. 2:16–cv–3014–TLN–EFB, 2019 WL 4298040, *5 (E.D. Cal. 2019) (same, where multiple defendants owned non-compliant gas station)). Likewise, co-owner defendants are jointly and severally liable for violations of the ADA. *See Moore v. Cisneros*, No. 1:12–CV–00188–LJO–SKO, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012) (citing *Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000)).

Because Defendants in this case would be jointly and severally liable, the undersigned finds that entering default judgment against only Mohammed would be inappropriate at this time, especially since it appears that Defendant Saleh Muthana was not properly served. *See Johnson v. Bozorghadad*, No. 17–CV–06536–SVK, 2020 WL 963377, at *2–*5 (N.D. Cal. Feb. 28, 2020), *report and recommendation adopted*, No. 17–CV–06536–HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020) (recommending denial of motion for default judgment as to all defendants where two of the three defendants were not properly served).

In *Johnson*, the plaintiff filed an action for violations of the ADA and the Unruh Act against defendants Ali Bozorghadad, Parisa Bozorghadad (collectively, the "Bozorghadads"), and Bay Area Auto Care, Inc. ("Bay Area Auto Care"). *Johnson*, 2020 WL 1245122, at *1. After the defendants failed to appear in the action and default was entered against them, the plaintiff moved for default judgment against all defendants. *Id.* As part of her analysis, the magistrate judge considered whether the defendants had been properly served with copies of the complaint and summons, ultimately concluding that Bay Area Auto Care had been properly served, but the Bozorghadads had not. *Id.* at *2–*5. Therefore, the magistrate judge recommended that the motion for default judgment against the Bozorghadads be denied for inadequate service, and the motion against Bay Area Auto Care also be denied "until the matter has been adjudicated with regard to all [d]efendants." *Id.* at *5.

Here, as in *Johnson*, Plaintiff did not adequately serve all Defendants. Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4. Under Rule 4, an individual may be served by: (1) delivering a copy of the summons and of the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized

by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). California law permits substitute service by leaving a copy of the summons and complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.* Substitute service is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *Id.* "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson*, 2020 WL 1245122, at *3 (citation, internal quotation marks, and alteration omitted).

The Court finds that adequate service has been made on Mohammed but not Saleh. With regard to Mohammed, counsel for Plaintiff, Ms. Moore, determined Mohammed's residential address by conducting a public records search using the Lexis Advance database. (Doc. 12-2, ¶ 15.) After two unsuccessful attempts at personal service at that address on September 21, and 22, 2021, the process server left copies of the complaint and summons with "Abraham Doe (refused last name)," a co-occupant at 1930 River Tree Ln, Modesto, CA 95351, and subsequently mailed to the same address. (Doc. 4 at 2.) Accordingly, the undersigned concludes that service of Mohammed was adequate under Federal Rule of Civil Procedure 4(e)(2). *See* Fed. R. Civ. P. 4(e)(2) (permitting service on an individual by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there).

As for Saleh, however, the Court lacks sufficient information to conclude that service was proper. The proof of service for Saleh indicates that substitute service pursuant to California law

was made at 241 S 7th St, Modesto, CA 95354, the address of the Property at issue, after two attempts at personal service at that address were unsuccessful. (Doc. 5 at 2–3.) On September 23, 2021, the process server left copies of the summons and complaint at that address with "Tony Doe (refused last name), Apparently in Charge," and then subsequently mailed the documents to the same address. (Doc. 5 at 2.)

"For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, service must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." *Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C–11–04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks, alteration, and citations omitted). Here, although the proof of service avers that the documents were left with a person "Apparently in Charge" (*see* Doc. 5 at 2), there are no facts in the affidavit to support this assertion, and Plaintiff has provided no additional evidence. Indeed, Plaintiff's motion for default judgment does not address whether service on either defendant was adequate. The only information that the Court has regarding service on Saleh is that the complaint and summons were delivered to a man at the Property who refused to fully identify himself, and it is not clear what this person's connection to the Property was. "Such minimal information is insufficient" to conclude that Tony Doe was "Apparently in Charge." *Block v. Any Merced Inc.*, No. 1:21–CV–01251–NONE–EPG, 2022 WL 43695 (E.D. Cal. Jan. 5, 2022), *report and recommendation adopted*, No. 1:21–CV–01251–JLT–EPG, 2022 WL 198691, at *2 (E.D. Cal. Jan. 21, 2022) (finding substitute service inadequate under California law where the documents were delivered to a 40-year-old male at the relevant address who refused to provide his name because there was insufficient information to conclude that the John Doe was "apparently in charge").

Furthermore, the proof of service indicates that the process server "hand deliver[ed]" the documents to Tony Doe (Doc. 5 at 2), but it does not state whether Tony Doe was "informed of the contents thereof," as required for substitute service under California law. Cal. Code Civ. Proc. § 415.20(a), (b). "This requirement is critical because if [the person who is "apparently in charge"] did not know or understand the significance of the documents that [the process server] handed him,

7

the documents may have ended up in a junk pile or recycling bin, rather than in [the defendant's] hands." *Bouyer v. 603 San Fernando Rd., LLC*, No. CV203853MWFPVCX, 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020). *See also EDJX, Inc. v. 6x7 Networks, LLC*, No. 21–CV–02398–SK, 2021 WL 4262290, at *2 (N.D. Cal. Sept. 20, 2021) ("[T]he proofs of service were defective because they fail to state that the process server informed John Doe, with whom the process server left the summons and complaint, of the contents of was delivered.")

"[I]f service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18–cv–00955–EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted). Had Saleh been adequately served, it is possible he could have answered and potentially raised a meritorious defense. "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (citing *Frow*, 82 U.S. at 554.) Accordingly, as the matter remains pending as to Saleh, who has not been properly served, the undersigned finds that entering default judgment against Mohammed would not be appropriate at this time.

### IV.   CONCLUSION AND RECOMMENDATION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for entry of default judgment against Defendant Mohammed Muthana (Doc. 12) be DENIED without prejudice to renewal upon a showing of adequate service on, or resolution of claims against, Defendant Saleh Muthana.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 8, 2022**                             /s/ *Sheila K. Oberto*                    
                                                                  UNITED STATES MAGISTRATE JUDGE